## PEASE v. BARBIERS AND WIFE.

The certificate of the acknowledgment of a married woman to a deed, must state that the contents of the deed were explained to her, otherwise it is defective, and will not pass her interest in the estate.

Under our law, no presumption of knowledge, on the part of a married woman, of the contents of a deed, arises from the fact of executing it.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The facts appear in the opinion of the Court. The Court below decreed a foreclosure of the mortgaged premises, and defendants appealed.

*John Currey* for Appellants.

The appellants assign the following errors as causes requiring the reversal of the decree :

1. The mortgages produced in evidence were void, and therefore the decision of the Court, decreeing a sale of the premises described in the complaint, was unauthorized.

The homestead is the joint estate of husband and wife. They hold as joint-tenants, with the right of survivorship. Taylor *v.* Hargous, 4 Cal., 268; Poole *v.* Gerrard, 6 Cal., 72, 73; Moss *v.*

Warner and Wife, 10 Cal., 296; Dunn v. Tozer, 10 Cal. R., 167; Revalk v. Kraemer, 8 Ca.l, 66.

This joint estate is like that which arose by a conveyance of lands to husband and wife jointly at common law, of which both were seized of the entirety, and which neither could aliene without the other. 2 Kent's Com., 132; 1 Preston on Estates, 131; Homestead Act, § 10.

The Act concerning Conveyances (Wood's Digest, p. 100, § 1) provides the mode for the conveyance of real estate.

The term " conveyance " defined. Wood's Dig., p. 104, § 36.

How a married woman shall convey. Wood's Dig., p. 102, §§ 19, 23. She must be made acquainted with the contents of such conveyance. Ib., §§ 22, 23. The certificate must, upon its face, show such fact. Ib., § 23.

In what cases is it necessary that the wife shall join in the conveyance of real estate?

In two cases only : First, where the estate to be conveyed is the homestead. Wood's Dig., p. 483, § 2. Second, where the estate to be conveyed is her separate estate. Wood's Dig., p. 488, § 6.

The form of acknowledgment is the same in both these cases; and these acts are construed in pari materia with the general Act concerning Conveyances. Selover v. Am. Rus. Com. Co., 7 Cal., 266.

The estate does not pass until the statutory conditions are performed. The officer taking the acknowledgment must so ascertain the fact that the wife was made acquainted with contents of the conveyance, as to be able so to certify—and he must so certify. The statutory conditions are conditions precedent to the passing of the estate. 7 Cal. R., 266; Wood's Dig., p. 102, § 23; Bennett v. Tewksbury, 9 Cal., 13; see, also, Edward v. Klock, 13 Barb., 54, 55; Stanton v. Button, 2 Comstock, 527; Pendleton v. Button, 3 Comstock, 406.

*Whitman and Wells* for Respondents.

The question presented to the Court in this case, is the sufficiency of the acknowledgments of Isabel Maria Barbiers to the mortgages set forth in the complaint, and on which the decree in this cause was based, and whether her homestead rights in the premises are barred by those mortgages.

The question of homestead is not raised in the pleadings, nor do the proofs identify any specific portion of the premises as invested with that character.

The certificates of acknowledgment attached to the mortgages fail to declare that Isabel Maria was made acquainted with the contents of the instrument, but in all other respects are as full as the statute form of an acknowledgment by a married woman to a conveyance of her separate property.

It is submitted, on the part of the plaintiff below—respondents herein in support of the decree of the Court below—that the interest of the wife in the homestead property, is not such an estate as is the subject of a conveyance by her, and that, therefore, the provisions of an Act concerning Conveyances, Wood's Digest, 100, do not apply.

That if the provisions of said act are applicable to the case at bar, then the acknowledgment is not conclusive, but may be amended, and does not vary the rights of the parties.

In support of the first point, we cite Taylor v. Hargous, 4 Cal., 268; Poole v. Gerrard, 6 Cal., 71; Wood's Digest, 100, §§ 19, 20, 21; Ib., 486, § 6; Revalk et al. v. Kraemer et al., 8 Cal., 66.

The interest of the wife in the homestead property, is of the same nature as that in the common property, with the statutory disability limiting the power of the husband to control and dispose of it as his own, and directing its descent in case of the death of either party. Revalk et al. v. Kraemer et al., 8 Cal., 66.

In Taylor v. Hargous, 4 Cal., 268, the Court say, "that the estate becoming homestead, it is turned into a sort of joint tenancy, with the right of survivorship, at least, as between husband and wife, and the estate can not be altered or destroyed except by the concurrence of both, in the manner provided by law."

And citing this language in Poole v. Gerrard, 6 Cal., 71: "In Taylor v. Hargous, we declared that the homestead was a joint estate in husband and wife, with the right of survivorship. It results from that decision, that it is neither common property which would enable the husband to sue alone, nor is it the separate estate of the wife, in which case only she would be enabled to sue alone." This language, it is conceived, must be decisive of the case at bar.

The Act concerning Conveyances provides that a husband and wife may, by joint deed, convey her real estate in like manner as if she was unmarried. And §§ 19, 20, and 21, Wood's Digest, 100, provides how the estate of a married woman, "her real estate," may be conveyed. These provisions seem to be referable to the second section of the Act of April 7, 1850, defining the rights of Husband and Wife. Wood's Digest, 488.

The separate property of a married woman can not become the subject of the Homestead Law. The language of this Court, in Revalk et al. v. Kraemer et al., seems to qualify Taylor v. Hargous to that extent.

The homestead may attach to the separate property of the husband, or to the common property. If the separate property of the husband, its character is only changed so far as the provisions of the Homestead Law change it.

If the common property becomes homestead, it remains common property, with this qualification, that it is charged with a

homestead character, and subject to all the disabilities and re-
strictions which the statute has attached thereto, and to none
other, for it is withdrawn from·liability for debts, etc.

The fact that the homestead character attaches, does not con-
fer a separate estate on the wife and thereby divest the estate of
the husband, nor does it deprive him of the control and powers
of disposition given him by law over the entire common prop-
erty, other than in the single instance of restraint over the pow-
er of alienation, requiring the sale "by the owner to be affirmed
by the consent of the wife."

The interest of the wife can hardly be termed an estate, for it
does not come within the strict definition of an estate, as given
by the elementary writers.    Besides, the language of the Home-
stead Act, before cited, speaks of the homestead to be selected by
the owner, (section one,) and of the alienation by the owner re-
quiring the signature of the wife, etc., to make it valid.

So, too, a change of residence and other circumstances, pre-
sumptively out of the wife's power—at any rate, inconsistent with
the legal idea of an estate or property—may change the home-
stead, divest her power to control, from one piece of property to
another, or put her to an election as between them.

If, then, the homestead is created out of the common property,
or the separate property of the husband, it is submitted that its
character is unchanged, save so far as affected by the Homestead
Act, and that impresses only this restraint upon its alienation.

"No mortgage, sale, or alienation of any kind whatever, of
such land by the owner thereof, if a married man, shall be valid
without the signature of the wife to the same, acknowled by her
separately and apart from her husband."    Wood's Digest, 483,
§ 2.

The mortgages in this case have the signature of the wife, and
are acknowledged by her separately and apart from her hus-
band.    No estate is conveyed by her, but her assent to the alien-
ation is obtained in the manner prescribed by law.

In Sargent v. Wilson, 5 Cal., 506, this Court held that any ex-
cess over the homestead value—five thousand dollars—was com-
mon or separate property, subject to the control of the husband,
and may be disposed of in any manner by him.

It is believed that the cases cited above, fully support the view
taken by the Court below, and that the reasoning of this Court,
in Revalk et al. v. Kraemer et al., 8 Cal., 66, constitutes, in con-
nection with Taylor v. Hargous, and Poole v. Gerrard et al., the
strongest argument that can be advanced in support of the
decree.

It might admit of question, whether the defect in the acknowl-
edgment, if essential, could not be cured, as ordinary defects in
in acknowledments can not be taken advantage of by the par-
ties, but the statute requiring an acknowledgment declaring the

mortgage invalid without it, furnishes a stronger reason for a strict construction of the second section of the Homestead Act, limiting the disability therein attached to its express terms. Ordinarily, the acknowledgment is but an incident to the deed— here, it is an indispensable requisite; ordinarily, it does not weaken the deed as between the parties. Hastings v. Benicia, 4 Cal., 315; Bours v. Zachariah, Jan. T., 1858; Welch v. Sullivan, 8 Cal., 165. Here,.its absence makes it void. Ordinarily, it may be supplied by other means—as proof and certificate ; here, the act requires an acknowledgment, and, by implication, excludes all other means. If the defendant would remit us to the general law of conveyancing, we are entitled to all its benefits, and the acknowledgment might be amended, or proof introduced to supply its defect. Wood's Digest, 13 ; Bours v. Zachariah, Jan. T., 1858.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

This is a proceeding against Barbiers and wife, to foreclose a mortgage on the homestead—the main question presented by the record being as to the sufficiency of the certificate of acknowledgment to prove the due execution of the mortgage by the wife.

The certificate is in the form prescribed by the statute, except that it does not state that the contents of the mortgage were explained to the wife.

The Homestead Act provides that "no mortgage, sale, or alienation," of the homestead, shall be valid, without the signature of the wife to the same, "acknowledged by her separate and apart from her husband."

No form of acknowledgment is prescribed in the act, and it is evident that the Legislature intended that such acknowledgment should be taken in the manner pointed out in the "Act concerning Conveyances," which provides that no acknowledgment of a deed by a married woman shall be taken "unless such married woman shall be made acquainted with the contents of such conveyance, and shall acknowledge, in an examination apart from, and without the hearing of her husband, that she executed the same voluntarily, and does not wish to retract;" and the act also requires that these facts shall be stated in the certificate of acknowledgment.

The Legislature designed, by these provisions, to prevent the execution of any conveyance by a married woman from being procured by deceit or misrepresentation, and this object could be effectually accomplished only by requiring the instrument to be explained to her before being acknowledged, in order that the execution might be retracted if procured by improper influences.

Under our law, no presumption of knowledge on the part of a

married woman of the contents of a deed, arises from the fact of executing it, and especially could no such presumption arise in the present case, as it appears from the instrument itself that the wife was unable to write.

We think the certificate insufficient to prove the due execution of the deed by the wife, and that the Court erred in entering a decree of foreclosure.

Judgment reversed, and cause remanded.